IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TREVOR YORK, M.D.,

    *Plaintiff*,

    v.

ALBANY MEDICAL CENTER HOSPITAL, *et al.*,

    *Defendants*.

\*   Case No. 8:21-cv-02597-JRR

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

This matter comes before the court on Defendants Albany Medical Center Hospital ("AMCH"), Dr. Jeffrey Winseman, Dr. Joel Bartfield, and Catherine Riddle's (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 55; the "Motion"). The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2021). For the reasons that follow, by accompanying order, the Motion will be granted.

### **BACKGROUND**[1]

Plaintiff Trevor York, M.D., is a Maryland resident. (ECF No. 52-1, ¶ 3.) AMCH is a hospital in Albany, New York and Dr. Winseman, Dr. Bartfield, and Ms. Riddle are all employed at Albany Medical College. *Id.* ¶¶ 4-7.

Plaintiff alleges that he was subject to racial discrimination, harassment, and retaliation during his psychiatry residency program with AMCH's Department of Psychiatry. The Amended

---

[1] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the First Amended Complaint.

Complaint contains seven counts: Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000, *et seq*. – Race Discrimination (Count 1); Violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000, *et seq*.– Retaliation (Count 2); Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 – Race Discrimination (Count 3); Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 – Retaliation  (Count 4); Breach of Contract (Count 5); Defamation (Count 6); and Tortious Interference with Business Relations/Prospective Advantage (Count 7).  (ECF No. 52-1.)

Defendants move to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6).  (ECF No. 55-1 at 1.)

## LEGAL STANDARDS

### *Federal Rule of Civil Procedure 12(b)(2)*

"When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Federal Rule of Civil Procedure 12(b)(2), 'the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence.'" *CoStar Realty Info., Inc. v. Meissner,* 604 F. Supp. 2d 757, 763 (D. Md. 2009) (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc*., 334 F.3d 390, 396 (4th Cir. 2003)) (citations omitted).  "If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." 604 F. Supp. 2d at 763 (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).  "If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits and discovery materials, 'the plaintiff need only make *prima facie* showing of personal jurisdiction.'" *Id.* (quoting *Carefirst*, 334 F.3d at 396) (citations omitted).  "In determining whether the plaintiff has proven a *prima facie* case of personal jurisdiction the court 'must draw

2

all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.'" *Id.* (citing *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 60 (4th Cir. 1993)) (citations omitted).

### *Federal Rule of Civil Procedure 12(b)(6)*

A motion asserted under Rule 12(b)(6) "tests the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085 (4th Cir. 1979)).

## ANALYSIS

**I.      PERSONAL JURISDICTION – 12(b)(2)**

"The requirement that the court have personal jurisdiction . . . springs not from Article III of the Constitution, but from the Due Process Clause." *Fidrych v. Marriott Int'l, Inc.,* 952 F.3d 124, 131 (4th Cir. 2019) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "Because the personal jurisdiction requirement 'recognizes and protects an individual liberty interest, . . . the requirement may be waived by a defendant's 'express or implied consent to the personal jurisdiction of the court.'" *Id.* (citing *Ins. Corp. of Ireland*, 456 U.S. at 703.) "Absent consent, the exercise of personal jurisdiction must comport with the

requirements of the Due Process Clause: valid service of process, as well as . . . minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Hawkins v. i-TV Digitális Távközlési zrt.*, 935 F.3d 211, 228 (4th Cir. 2019)) (citations omitted).  The nature and quantity of forum-state contacts required depends on whether the case involves the exercise of "specific" or "general" jurisdiction. *Id.*

    The Amended Complaint alleges:

> Defendant Albany Medical Center Hospital is a hospital in Albany, New York, owned and operated by the Albany Medical Health System . . .
>
> Defendant Dr. Jeffrey Winseman, M.D., is the Residency Training Director in the Department of Psychiatry at Albany Medical College.
>
> Defendant Dr. Joel Bartfield, M.D., is the Associate Dean for Graduate Medical Education at Albany Medical College.
>
> Defendant Catherine Riddle is the Graduate Medical Education Director at Albany Medical College.

(ECF No. 52-1, ¶¶ 4-7.)

    Plaintiff asserts this court may exercise specific personal jurisdiction over Defendants. (ECF No. 60 at 12.)  In support, Plaintiff argues that Defendants subjected themselves to personal jurisdiction in Maryland when they allegedly supplied false statements to the Federation Credentials Verification Services, thereby preventing Plaintiff from obtaining employment. *Id.* Defendants counter that this court may not exercise specific personal jurisdiction over them, because their only alleged contacts within the State of Maryland arise from communication with Plaintiff after he relocated to Maryland.  Defendants further argue that Plaintiff's residence in Maryland is insufficient to establish specific personal jurisdiction.  (ECF No. 55-1 at 7-8.)

4

It is well settled in the Fourth Circuit that in order for this court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied. "First the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and, second, the exercise of personal jurisdiction must also comport with the Fourteenth Amendment due process requirements." *Christian Sci. Bd. of Dirs. Of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001) (citing *Stover v. O'Connell Assocs. Inc.,* 84 F.3d 132, 134 (4th Cir. 1994)). "The Maryland long-arm statute… limits specific jurisdiction to cases where the cause of action arises from any act enumerated in the statute itself. Thus, a plaintiff must identify a specific Maryland statutory provision authorizing jurisdiction." *Johns Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Co.'s Rep. Est.,* 374 F. Supp. 2d. 465, 472 (D. Md. 2005) (citation omitted). *See also Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649, 652 (D. Md. 2001) (noting that "[i]t is nonetheless necessary first to identify a specific Maryland statutory provision authorizing jurisdiction …"). This requirement can be met through a complaint or in opposition to a 12(b)(2) motion. *Hausfeld v. Love Funding Corp.*, 16 F. Supp. 3d 591, 597 (D. Md. 2014). Here, Plaintiff has failed to satisfy the first condition essential to the court's personal jurisdiction analysis – identifying the applicable provision of the long-arm statute.

Plaintiff's silence with respect to any specific statutory provision authorizing personal jurisdiction over Defendants compels the court to conclude that it may not exercise jurisdiction over Defendants under the long-arm statute. This court declines to act on behalf of Plaintiff to opine whether any statutory provision would allow it to exercise jurisdiction over Defendants. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (holding that "[i]n our adversarial system of adjudication, we follow the principle of party presentation."); *see also Greenlaw v. United States*, 554 U.S. 237, 243 (2008) (holding that "in…civil…cases, in the first instance and

on appeal…, we rely on the parties to frame the issue for decision and assign the court the role of a neutral arbiter of matter the parties present.")

Even if Plaintiff had identified the provision of the Maryland long-arm statute that purportedly allows this court to exercise jurisdiction over Defendants, the allegations in the operative pleading do not support a finding that Defendants are subject to specific personal jurisdiction in this state. If a defendant's contacts with the forum state form the basis for the suit, those contacts may establish "specific jurisdiction." In determining whether specific jurisdiction exists, this court considers (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002) (citations omitted).

First, viewing the allegations generously, Defendants' alleged activities in, or directed toward, Maryland are miniscule. The Amended Complaint alleges: "In May 2020, Dr. York purchased a home in Maryland. He later moved to Maryland in June 2020. After May 2020, Dr. York communicated with Defendants from Maryland and their actions were directed to him in Maryland . . . " (ECF No. 52-1, ¶ 16.) Specifically, Plaintiff alleges that he and Ms. Riddle spoke by telephone on July 12, 2020, during which call Ms. Riddle accused Plaintiff of violating a moonlighting policy, behaving unprofessionally, and spreading COVID-19 to patients, colleagues, and staff. *Id.* ¶ 20. The fact that Plaintiff communicated with Defendants from Maryland is insufficient for purposes of personal jurisdiction. *See Cape v. von Maur,* 932 F. Supp. 124, 128 (D. Md. 1999) (noting "[g]enerally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum

contacts that satisfy due process.) *Leather Masters (PVT) Ltd. v. Giampier Ltd.*, 836 F. Supp. 328, 331 (holding that, "without more, communications made from outside the State to a Maryland resident are not enough to justify the exercise of personal jurisdiction over an out-of-state defendant"). Further, Plaintiff conclusorily alleges that Defendants directed actions to him while he was a resident of Maryland, but fails to state what those actions were.

Second, Plaintiff's claims do not arise from the alleged contact Defendants had with the State of Maryland. Plaintiff alleges he experienced discrimination and retaliation during his three-year residency program which began in 2017 and concluded in June 2020. Yet, the telephone call between Plaintiff and Ms. Riddle did not occur until July 13, 2020. By that time, nearly all of the alleged events about which Plaintiff complains had already taken place. Even were the July 2020 telephone communication adequate contact with Maryland to confer or contribute to jurisdiction, the facts alleged do not support a finding that Plaintiff's claims arise out of that call.

Finally, exercise of personal jurisdiction is not constitutionally reasonable. This case illustrates well circumstances in which the exercise of personal jurisdiction over nonresident defendants would offend constitutional principles. AMHC is located in New York and the individual Defendants work in New York. Defendants could not reasonably expect to be haled into court in Maryland because Plaintiff decided to relocate here. That would leave Defendants subject to litigation in any state where a former resident decides to live after completion of their residency, which is precisely the expansive and boundless result the due process clause seeks to avoid. Accordingly, even had Plaintiff had complied with the requirement to identify the provision of the Maryland long-arm statute on which he relies, the court finds Plaintiff would be unable to demonstrate that the court has specific jurisdiction over Defendants.

In addition to the personal jurisdiction argument, Defendants argue that:

7

1. Plaintiff failed to exhaust administrative remedies with respect to his Title VII claims (ECF No. 55-1 at 10);

2. Plaintiff fails to state a claim for breach of contract because he does not identify how AMHC breached any provision of his purported contract. *Id.* at 12;

3. Plaintiff fails to state a claim for defamation because Plaintiff does not identify any defamatory statements, and any statements in his evaluation that he engaged in "moonlighting" are true and cannot be considered defamation. *Id.* at 14-15;

4. Plaintiff fails to state a claim for tortious interference because Plaintiff does not allege existence of a business relationship that Defendants interfered with and he fails to plead that Defendants used dishonest, unfair, improper, or wrongful means to interfere. *Id.* at 17.

Because the court lacks personal jurisdiction over Defendants, it declines to address the remaining arguments described.

## CONCLUSION

For the reasons set forth herein, the Motion (ECF No. 31) is GRANTED. The Complaint will be dismissed.

A separate order follows.

/S/

_____
Julie R. Rubin
United States District Judge

June 14, 2023